UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eMove, Inc., a Nevada corporation; U-Haul International, Inc., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Hire A Helper LLC, a California limited liability company; Michael Glanz, an individual,<br><br>Defendants. | Case No. 3:17-cv-0535-CAB-JLB<br><br>**ORDER GRANTING JOINT MOTION AND ENTERING STIPULATED PROTECTIVE ORDER**<br><br>**[ECF No. 39]** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by eMove, Inc., a Nevada corporation and U-Haul International, Inc., a Nevada corporation (collectively, "Plaintiffs") and HIRE A HELPER LLC, a California limited liability company; and MICHAEL GLANZ (collectively, "Defendants"). Plaintiffs and Defendants are collectively referred to herein as the "Parties." The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the Parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Rule 26(c)(1)(G), Fed.R.Civ.P. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: documents, correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters, statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Snell & Wilmer LLP and California Business Law Group, PC.

"Counsel" also includes all in-house attorneys for Plaintiffs.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any documents, materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "Confidential" or "Confidential – For Counsel Only."

    a. Designation as "Confidential": Any party may designate information as "Confidential" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "Confidential – For Counsel Only": Any party may designate information as "Confidential – For Counsel Only" only if, in the good faith belief of such party and its counsel, the information is among that considered to be the most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "Confidential – For Counsel Only," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. the deposition or portions of the deposition must be designated as

containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible; but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings: [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "Confidential" or "Confidential – For Counsel Only."

    b. the disclosing party will have the right to exclude from the attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 10 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "Confidential" or "Confidential – For Counsel Only," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "Confidential" or "Confidential – For Counsel Only" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation and for no other action, and shall not use it for any business or other commercial purpose, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

8. Information designated as "Confidential – For Counsel Only" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party, by

independent experts under the conditions set forth in this Paragraph, and by the Court. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following the receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

  9. Information designated "Confidential" must be viewed only by the Court, counsel (as defined in Paragraph 3) of the receiving party, by independent experts (pursuant to the terms of Paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing in the form attached as Exhibit A to be bound by the terms of this Order:

  (a) Executives who are required to participate in policy decisions with reference to this action;

  (b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

  (c) Stenographic and clerical employees associated with the individuals identified above.

Any "Agreement To Be Bound By Protective Order" (Exhibit A), executed by any person affiliated with a party shall be provided to any other party who, based upon a

good faith belief that there has been a violation of this Order, requests a copy.

10. With respect to material designated "Confidential" or "Confidential – For Counsel Only," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "Confidential" or "Confidential – For Counsel Only" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as "Confidential" or "Confidential – For Counsel Only". The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as originally designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to the rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. If any other person, organization or governmental entity demands by subpoena or other appropriate authority the production of any Confidential Information produced to it by another party, the party receiving such demand shall immediately notify the designating party of such demand. At its option, the designating party may elect to challenge the demand and assert any applicable protections, and shall notify the person, organization, or governmental entity of its challenge within such time as required by law or required by compliance with the demand. When such a challenge is made, the party who received the demand shall not produce any Confidential Information in the absence of consent by the designating party or an order by the issuing Court compelling production.

16. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. If a party, through inadvertence, produces any Confidential Information without labeling or making or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "Confidential" or "Confidential – For Counsel Only" – Subject to Protective Order.

18. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. Likewise, nothing within this Order will prejudice the parties' rights to object to the authenticity, relevance, or admissibility into evidence of any document, testimony, or other evidence.

19. Pursuant to Federal Rule of Evidence 502(d), the production of Confidential Information shall not waive any claim of privilege or protection in any other federal or State proceeding.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of material designated as "Confidential – For Counsel Only" must not be disclosed.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

23. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, within ninety (90) days of the request return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such

information from all machine-readable media on which it resides. In the event the receiving party elects to destroy the Confidential Information, within ninety (90) days of receiving the request the receiving party shall provide the producing party with a written certification that all such information has been destroyed. Notwithstanding the foregoing, counsel for each party may retain all pleadings, discovery responses, deposition transcripts, briefs, memoranda, motions, and documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The parties understand that, absent an *ex parte* motion made within 10 calendar days of the termination of the case, the Court will destroy any confidential documents in its possession.

25. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by facsimile or electronic mail is acceptable for notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

30. Prior to the termination of this action, any party may move the Court to continue to have jurisdiction to enforce this Order indefinitely or for a specified period of time.

31. Without separate Court order, the Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

32. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| eMove, Inc., a Nevada corporation; U-Haul International, Inc., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Hire A Helper LLC, a California limited liability company; Michael Glanz, an individual,<br><br>Defendants. | Case No. 3:17-cv-0535-CAB-JLB<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in *eMove, Inc et al. v. Hire A Helper LLC et al.*, Case No. 3:17-cv-0535-CAB-JLB, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in Paragraphs 3, 9 and 10 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions or contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

**IT IS SO STIPULATED.**

DATED: June 22, 2017  CALIFORNIA BUSINESS LAW GROUP, PC


By: s/Duane S. Horning_____
   DUANE S. HORNING
   TRACY L. SCHIMELFENIG
   Attorneys for Defendants, HIRE A HELPER LLC, a California limited liability company; and MICHAEL GLANZ


DATED: June 22, 2017  SNELL & WILMER, LLP


By: s/Andrew F. Halaby_____
   ANDREW F. HALABY
   JENNIFER HADLEY
   BRIANNA L. LONG
   Attorneys for Plaintiffs, eMove, Inc., a Nevada corporation; U-Haul International, Inc., a Nevada corporation

**IT IS SO ORDERED this 26th day of June, 2017**

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge