UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eMove, Inc., et al.<br><br>                              Plaintiffs,<br><br>v.<br><br>U-Haul International, Inc., et al.<br><br>                              Defendants. | Case No.: 17-cv-00535-CAB-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**<br>**[ECF No. 68]** |

Plaintiffs' Motion to Compel Discovery Responses (ECF No. 68) is GRANTED IN PART AND DENIED IN PART as follows:

1. <u>Plaintiffs' Request for Production No. 3 relating to Defendants' advertising or promotion</u>: Plaintiffs' request for an order compelling documents responsive to Request for Production No. 3 is **denied**. Defendants' relevancy objection is sustained. Plaintiffs have not shown that this request is relevant to Count Three of the Second Amended Complaint ("SAC") or Defendants' "fair use" and "unclean hands" defenses. While the defenses of "fair use" and "unclean hands" appear in the answer (ECF No. 53), these defenses are not applicable to Plaintiffs' causes of action because there are no factual allegations of actual use or infringement of Plaintiffs' trademarks. (*See also* ECF No. 56-1 at 12 (Plaintiffs' argument: "In the SAC, Plaintiffs do not allege that Defendants engaged in trade secret-related wrongdoing.").)

2. <u>Plaintiffs' Request for Production No. 4 relating to performance under the Settlement Agreement</u>: Plaintiffs' request for an order compelling documents responsive

to Request for Production No. 4 is **granted in part and denied in part**. To the extent the request seeks all documents arising from, referring to, or relating to performance under or compliance with the Settlement Agreement with respect to Plaintiffs' trade secrets, the Court overrules Defendants' objections that this request seeks irrelevant, disproportional, duplicative, and unduly burdensome information. Defendants' objections are otherwise sustained.

Defendants take the position that "there *is* a case and controversy as to *whether* there are any trade secrets Defendants must keep secret." (ECF No. 71 at 8.) And as part of Defendants counterclaims against Plaintiffs, Defendants seek a declaration that there are no trade secrets covered by the Settlement Agreement due in part to the alleged facts that "Counter Claimants have never known any matter that constitutes Counter Defendants' trade secrets," and that the trade secrets are not readily ascertainable. (ECF No. 53 at 13-14, ¶¶16-18.) Documents responsive to Request for Production No. 4 (as limited above) are relevant to assessing these allegations. Therefore, Defendants shall collect and produce documents responsive to Request for Production No. 4, as limited above, within one week of any ruling of Plaintiffs' pending motion to dismiss (ECF No. 56), if Counterclaim Count 1 survives, or by **January 10, 2018**, whichever comes sooner.

3. <u>Plaintiffs' Request for Production No. 5 relating to communications about ownership transactions:</u> Plaintiffs' request for an order compelling documents responsive to Request for Production No. 5 is **granted in part and denied in part**. To the extent the request seeks HAH-ownership-transaction-related communications that reference the Settlement Agreement or Plaintiffs' Trade Secrets, the Court overrules Defendants' objection that this request is not proportional to the needs of the case. Communications that reference the Settlement Agreement or Plaintiffs' Trade Secrets are relevant to assess Defendants' allegations about their lack of understanding of the trade secrets covered by the Settlement Agreement. Defendants' objections are otherwise sustained. Therefore, Defendants shall collect and produce documents responsive to Request for Production No. 5, as limited above, within one week of any ruling of Plaintiffs' pending motion to dismiss

(ECF No. 56), if Counterclaim Count 1 survives, or by **January 10, 2018**, whichever comes sooner.

Further, to the extent responsive communications reveal confidential, proprietary and trade secret material of third parties, the parties shall meet and confer as to the most efficient way to address these confidentiality concerns (e.g., redaction or amending the designations provided for in the operative Protective Order). Any motion to amend the Protective Order shall be filed no later than **January 10, 2018**.

4. <u>Plaintiffs' Interrogatory No. 1 relating to Defendants' compliance with the Settlement Agreement:</u> Plaintiffs' request for an order compelling a substantive response to Interrogatory No. 1 is **granted in part and denied in part**. To the extent the interrogatory seeks a response sufficient to show the reasonable steps taken by Defendants to maintain the secrecy of Plaintiffs' trade secrets under the Settlement Agreement, the Court overrules Defendants' objections that this request seeks irrelevant, overbroad, and disproportional information. Defendants' objections are otherwise sustained.

The Settlement Agreement states that Defendants "shall take reasonable steps to maintain the secrecy of Claimants' trade secrets." (ECF No. 52-3 at 4.) While there is no claim or defense regarding this obligation, a substantive interrogatory response is relevant to assess Defendants' counterclaim for declaratory relief concerning their understanding of the trade secrets covered by the Settlement Agreement. Plaintiffs argue that the interrogatory is also relevant to their unfair competition claim, but the Court is not persuaded as the unfair competition claim does not allege any facts in support.

///
///
///
///
///
///
///

3

17-cv-00535-CAB-JLB

Therefore, Defendants shall collect and produce documents responsive to Plaintiffs' Interrogatory No. 1, as limited above, within one week of any ruling of Plaintiffs' pending motion to dismiss (ECF No. 56), if Counterclaim Count 1 survives, or by **January 10, 2018**, whichever comes sooner.

Dated: December 20, 2017

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge