# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMOVE, INC., a Nevada corporation, and U-HAUL INTERNATIONAL INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HIRE A HELPER LLC, a California limited liability company, and MICHAEL GLANZ, an individual,<br><br>Defendants. | Case No.: 17cv0535-CAB-JLB<br><br>**ORDER REGARDING MOTION TO DISMISS COUNTERCLAIMS [Doc. No. 56]** |

On October 23, 2017, Plaintiffs filed a motion to dismiss all of Defendants' counterclaims and/or to strike count three of Defendants' counterclaims. [Doc. No. 56.] On November 13, 2017, Defendants filed an opposition. [Doc. No. 60.] On November 20, 2017, Plaintiffs filed a reply to the opposition. [Doc. No. 62.] For the reasons set forth below, the motion to dismiss/strike is **DENIED**.

## PROCEDURAL BACKGROUND

On March 16, 2017, Plaintiffs filed a complaint for declaratory relief and to stay arbitration. [Doc. No. 1.] On May 2, 2017, Plaintiffs filed a First Amended Complaint ("FAC"). [Doc. No. 12.] On May 16, 2017, Defendants filed a motion to dismiss Count

I of the FAC. [Doc. No. 21.] On August 30, 2017, the Court granted the motion to dismiss Count I with leave to amend. [Doc. No. 51.] On September 19, 2017, Plaintiffs filed a Second Amended Complaint ("SAC"). [Doc. No. 52.]

The SAC asserts four causes of action against Defendants: (1) for breach of a 2010 settlement agreement ("Settlement Agreement") between the parties; (2) for breach of the covenant of good faith and fair dealing during the performance of that Settlement Agreement; (3) for a declaratory judgment regarding the use of Plaintiffs' registered trademarks by Defendants and certain affiliates; and (4) for unfair competition. [Doc. No. 52 ¶¶ 57–83.]

Defendants answered the SAC and filed counterclaims ("Counterclaims") seeking (1) declarations regarding Defendants' duty under the Settlement Agreement to protect Plaintiffs' trade secrets and other confidential information; (2) declarations regarding the impact of the Settlement Agreement on parties who are or may become interested in HAH; and (3) a declaration that the final sentence of Paragraph 4 of the Settlement Agreement (the "Nonopposition Clause") is void. [Doc. No. 53 ¶¶ 14–36.]

## ALLEGATIONS OF COUNTERCLAIMS

The parties settled a prior dispute by entering into a Settlement Agreement in September 2010. [Doc.No. 53 at ¶¶ 11.] The Settlement Agreement contains the following provision:

> 4. <u>Respondents' Acknowledgement of Claimants' Intellectual Property Including the Payment Code</u>. Respondents hereby acknowledge Claimants' proprietary and ownership interest in the Trademarks, copyrights in Claimant's movinghelp.com website, trade secrets, Payment Code and Claimants other Intellectual Property. Claimants hereby grant Hire a Helper a perpetual, fully paid up, noncancellable, worldwide, nonexclusive, nontransferable, nonsublicenseable license to use Claimants' trade secrets that existed when Glanz was a service provider for eMove and to which Glanz had access. Said license is solely for the use of said trade secrets as such is currently being used on the hireahelper.com website. Said license does not include a license to use the Trademarks or the Payment Code. Said license shall become effective as of the Effective Date. Respondents shall discontinue all use of the Payment Code and Trademarks prior to the

Effective Date. Said license shall terminate upon the breach of this Settlement Agreement by Respondents or upon an attempted assignment, sub license or other transfer of this license by one or both Respondents. Respondents shall take reasonable steps to maintain the secrecy of Claimants' trade secrets. Other than the license granted in this Settlement Agreement, Respondents have no rights, title or interest in Claimants' Intellectual Property, including the Payment Code and Trademarks. Respondents agree not to oppose, challenge, or petition against the use or registration of, in any country, in any trademark office, court, administrative or other government body Claimants' Intellectual Property (including the Payment Code) or Trademarks (including petition to cancel any application, registration, or re-registration of the Trademarks).

[Doc. No. 53-1 at ¶4.]

In the final sentence of Paragraph 4 of the Settlement Agreement, the Nonopposition Clause, Defendants "agree not to oppose, challenge, or petition against the use or registration of, in any country, in any trademark office, court, administrative or other government body [Plaintiffs'] Intellectual Property (including the Payment Code) or Trademarks (including petitioning to cancel any application, registration, or re-registration of the Trademarks." [Doc. No. 53-1 at ¶ 4.]

According to Defendants' Counterclaims, "controversies have arisen and now exist concerning their respective rights and obligations under the Settlement Agreement." [Doc. No. 53 at ¶ 12.] Defendants also allege that Plaintiffs "may dispute" some of Defendants' contentions. [*Id*. at ¶ ¶ 21, 27.]

Defendants' Counterclaims contain three counts. In Count One, Defendants request declarations that "1) [Defendants] do not possess any of [Plaintiffs'] trade secrets; 2) there are no trade secrets belonging to [Plaintiffs] covered by the Settlement Agreement; 3) [Defendants] are not obligated to maintain as confidential any matters as [Plaintiffs'] alleged trade secrets pursuant to the Settlement Agreement or otherwise; and 4) HireAHelper's current website does not use or contain any of [Plaintiffs'] trade secrets." [Doc. No. 53 at ¶ 22.] Count Two asks this Court to declare that "owners of all or part of HireAHelper's

3

17cv0535-CAB-JLB

equitable interests . . . other than Glanz, are not parties to the Settlement Agreement and are not bound by it," and that "any party that purchases all or part of HireAHelper's assets . . . are not parties to the Settlement Agreement and are not bound by it." [*Id.* at ¶¶ 24–25, 28.] Count Three seeks a declaration that the Nonopposition Clause is void and unenforceable. [*Id.* at ¶ 36.]

DISCUSSION

A.  Legal Standard.

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th

Cir. 2004); *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir.2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [ is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

2. Count I.

Plaintiffs argue Count I should be dismissed because it does not present a justiciable controversy and the requested declarations would serve no useful purpose. [Doc. No. 56-1 at 9-13.] Defendants argue Count I is justiciable because there is a dispute regarding Plaintiffs' alleged trade secrets; and a declaratory judgment regarding trade secrets serves a useful purpose. [Doc. No. 60 at 10-12.]

Under 28 U.S.C. §2201(a), a federal court may issue a declaratory judgment in a "case of actual controversy." The statutory phrase "case or controversy" refers to the types of "cases" or controversies" that are justiciable under Article III of the U.S. Constitution. *Aetna Life Ins. V. Haworth,* 300 U.S. 227, 239-240 (1937); *Medimmune, INc. v. Genentech*, 549 U.S. 118, 125-26 (2007). The burden is on the party claiming declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time the claim for declaratory relief was filed. *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1373-74 (Fed. Cir. 2011).

A declaratory relief case must be "ripe" for judicial determination. A substantial controversy must exist between parties having adverse legal interests, "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1004-05 (9th Cir. 2010)(internal quotes omitted); *Golden v. California Emergency Physicians Med. Group*, 782 F.3d 1083,

1087 (ripeness concerns may be implicated in contract dispute where breach or injury yet to occur).

Adjudicating rights and obligations in the absence of a live "case or controversy" would violate the Article III limitation against advisory opinions. O'Connell & Stevenson, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial (The Rutter Group 2017), §10:24.2. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998)(no "case or controversy" where plaintiff sought advance ruling on validity of a defense that defendant might raise in future proceedings; *Klinger v. Conan Doyle Estate, Ltd.,* 755 F.3d 496, 498-99 (7th Cir. 2014)(no asking "federal judges for legal advice"). Finally, declaratory relief may be sought to resolve disputes regarding such matters as . . . the [m]eaning of terms of contract in dispute." O'Connell & Stevenson, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial (The Rutter Group 2017), §10:12 (citations omitted).

Here, a global review of the complaint and counter-complaint shows that the parties are in disagreement as to what is meant by certain terms in the Settlement Agreement, and that disagreement has caused a substantial impasse. While some of Counter-claimaints' requested declarations border on requests for legal advice, others are appropriate requests for a determination as to <u>what the parties intended</u> when they entered into the Settlement Agreement. Thus, for example, while this Court is not inclined to adjudicate what is or is not a "trade secret" or a "trademark" in the general sense (that was the subject of the previous litigation), it can determine what the <u>parties intended a particular term to mean</u>, and/or whether there was a meeting of the minds. Therefore, the motion to dismiss Count I is **DENIED.**

3. Count II.

Plaintiff argues Count II should be dismissed because there is no controversy regarding the rights and obligations of third parties under the Settlement Agreement, and Defendants' requested declaration regarding the rights of parties who may become interested in HAH is purely hypothetical. [Doc. No. 56-1 at 13-15.] Defendants argue there is an actual controversy as to whether Fidelity, as a member of HireAHelper, is bound

by the Settlement Agreement. [Doc. No. 60 at 13.] To the extent Count II seeks a declaration as to whether a <u>particular entity</u> is bound by the Settlement Agreement, there is a sufficient controversy for declaratory relief. Therefore, the motion to dismiss Count II is **DENIED.**

4. Count III.

Plaintiff argues Count III should be dismissed because it is the mirror image of Plaintiff's breach of contract claim and is more properly brought as an affirmative defense. [Doc. No. 56-1 at 15-17.] Defendants argue Count III is not identical to the breach of contract claim because the argument that the nonopposition clause is void and unenforceable is one of four affirmative defenses to the breach of contract claim. [Doc. No. 60 at 14-15.] In addition, Defendants argue Count III is not redundant of the breach of contract claim because Count III seeks different relief. [Doc. No. 60 at 15.]

Here, although the breach of contract claim and Count III obviously overlap, it is not clear that Count III is in fact entirely redundant of the breach of contract claim. Given that "it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant prior to trial . . . [t]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1406, at 36 (2d ed.1990). Therefore, the motion to dismiss and/or strike Count III is **DENIED.**

## CONCLUSION

For the reasons set forth above, the motion to dismiss all of Defendants' counterclaims and/or to strike Count III is **DENIED**.

Dated: December 20, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge