UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eMove, Inc., et al.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Hire a Helper LLC, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-cv-00535-CAB-JLB<br><br>**ORDER: (1) GRANTING JOINT MOTION; AND (2) AMENDING THE SCHEDULING ORDER TO EXTEND EXPERT DATES**<br>[ECF Nos. 43, 61, 74, 88] |

The parties' Joint Motion to Extend Expert Dates (ECF No. 88) is GRANTED. The operative scheduling order (ECF Nos. 61, 74) **IS AMENDED and IT IS HEREBY ORDERED**:

1. Counsel[1] shall refer to the Judge Bencivengo's Chambers Rules for Civil Cases, which are accessible via the Court's website at www.casd.uscourts.gov. With respect to protective orders and requests to file under seal in cases before Judge Bencivengo, counsel are to pay particular attention to Section V. of Judge Bencivengo's Chambers Rules for Civil Cases, attached hereto as Exhibit 1.

2. The deadline for any motion to join other parties, to amend the pleadings, or to file additional pleadings was and remains **September 5, 2017**.

3. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before

---

[1] As used herein, references to "counsel" include any party representing himself or herself.

**March 12, 2018**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **March 12, 2018**. On or before **April 4, 2018**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 12, 2018**. Any contradictory or rebuttal information shall be disclosed on or before **April 4, 2018**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. Fact discovery shall be completed by all parties by **March 16, 2018**. Expert discovery shall be completed by all parties by **April 30, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

6. All pre-trial motions, other than *Daubert* motions, motions to amend or join parties, or motions *in limine*, shall be filed on or before **April 6, 2018**. All *Daubert* motions shall be filed on or before **May 4, 2018**. Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

7. A Mandatory Settlement Conference shall be conducted on **May 21, 2018** at **9:15 am** in the Chambers of **Magistrate Judge Jill L. Burkhardt**, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. Counsel shall lodge confidential settlement briefs directly to chambers by **May 7, 2018**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **June 29, 2018**.  **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

9. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

///

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001).

10. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **July 6, 2018**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
> 3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.
> 4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.
> 5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.
> 6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.
> 7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

/ / /

11. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **July 13, 2018**. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The proposed pretrial order shall be lodged with the district judge's chambers on or before **July 20, 2018**, and shall be in the form prescribed in Local Rule 16.1.f.6.

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** for **July 27, 2018** at **2:00 pm**.

14. The trial in this matter shall commence on Monday, **August 27, 2018** at **8:45 am.**

15. Plaintiffs' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: January 25, 2018

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

# EXHIBIT 1

*(Excerpt of Judge Bencivengo's Chambers Rules for Civil Cases, which are accessible via the Court's website at www.casd.uscourts.gov)*

## V.  Protective Orders and Requests to File under Seal in Civil Cases

Although the Court acknowledges the parties' desire to maintain the confidentiality of documents produced in discovery, "[w]hen discovery material is filed with the court [] its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003). The public policy reasons behind a presumption of access to judicial documents apply. Id. The common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show <u>compelling reasons</u> to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See Foltz*, 331 F.3d at 1135-36. Once the protected discovery documents are made part of a dispositive motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material confidential. *See id.*, at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Foltz*, 331 F.3d at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos*, 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).

Because the party that designated material as confidential should have the burden (and expense) of moving to file such documents under seal, the following procedures shall apply when a party intends to file a dispositive motion that cites to or attaches documents designated confidential.

1.      If the party filing the dispositive motion (or opposition thereto) intends to cite or attach documents or information that it believes should be filed under seal, the moving party must file a motion for permission to file under seal at least **seven calendar days** prior to the date on which it intends to file the dispositive motion.  A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing.  After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its dispositive motion (or opposition) consistent with the Court's order.

2.      If the party filing the dispositive motion (or opposition thereto) intends to cite or attach documents or information that another party has designated as confidential pursuant to a protective order entered in the case, it shall serve notice to the designating party by email, no later than **eight business days** prior to the date it intends to file the dispositive motion, specifically identifying the documents and information it is contemplating using in connection with the dispositive motion.  The designating party shall then have **four business days** from the date of the notice to file a motion seeking permission for the documents and information to be filed under seal.  A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing.  After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its dispositive motion (or opposition) consistent with the Court's order.  If the designating party does not timely file a motion for permission to file under seal, the confidential designation will be deemed waived, and the party seeking to use the documents or information shall file it publicly in connection with its dispositive motion or opposition.