# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eMove, Inc., et al.,<br><br>                          Plaintiff,<br><br>v.<br><br>Hire a Helper LLC, et al.,<br><br>                          Defendant. | Case No.: 17-cv-00535-CAB-JLB<br><br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND; AND (2) ISSUING A REVISED AMENDED SCHEDULING ORDER**<br>[ECF Nos. 43, 61, 74, 90, 110] |

Before the Court is Plaintiffs' Ex Parte Motion to Amend the Scheduling Order (ECF No. 110) and Defendants' opposition thereto (ECF No. 111). Having reviewed the papers, Plaintiffs' motion is untimely, and Plaintiffs have not shown good cause or excusable neglect for the extensions they seek. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992); J. Burkhardt Civ. Chambers R, § III.C. If discovery from Defendants was needed by or before the March 12, 2018 deadline for expert reports, Plaintiffs could have served the discovery requests at issue prior to February 13, 2018. Plaintiffs also could have filed a motion seeking an extension of the expert report deadline prior to March 8, 2018. Nor do Plaintiffs adequately establish that the requested discovery is relevant to, much less necessary for, the expert report. In addition, good cause to continue deadlines is not shown by Plaintiffs' assertion that their lead trial counsel will be out of the county because this assertion is lacking the particulars that could support a finding of diligence (such as when these travel plans were made, or the purpose of these travel plans). Nevertheless, Plaintiffs' Ex Parte Motion to Amend the Scheduling Order (ECF No. 110) is GRANTED IN PART AND DENIED IN PART in recognition of

1

Defendants' lack of opposition to certain modifications and to reflect the Court's preference that lead trial counsel participate in pretrial proceedings, not for good cause shown.

The Court issues the following revised amended scheduling order, which revises the operative scheduling orders in this case (ECF Nos. 61, 74, 90) only to the extent **IT IS HEREBY ORDERED**:

1. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 13, 2018**.[1] The deadline to disclose any contradictory or rebuttal information remains as previously ordered (April 4, 2018).

2. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **June 22, 2018**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **June 29, 2018**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
> 3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

---

[1] This deadline is extended by one day to reflect the length of time the motion was fully briefed before the undersigned.

3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

4. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **July 6, 2018**. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

5. The proposed pretrial order shall be lodged with the district judge's chambers on or before **July 13, 2018**, and shall be in the form prescribed in Local Rule 16.1.f.6.

//
//
//
//
//
//

6. The **July 27, 2018** final Pretrial Conference before the **Honorable Cathy Ann Bencivengo** is VACATED and will be reset by separate order. The trial date remains as previously ordered. (*See* ECF No. 90.)

**IT IS SO ORDERED.**

Dated: March 12, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge