UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMOVE, INC., a Nevada corporation, and U-HAUL INTERNATIONAL INC., a Nevada corporation,<br><br>         Plaintiffs,<br><br>v.<br><br>HIRE A HELPER LLC, a California limited liability company, and MICHAEL GLANZ, an individual,<br><br>         Defendants. | Case No.: 17cv0535-CAB-JLB<br><br>**ORDER REGARDING MOTION TO EXCLUDE TESTIMONY OF MARK KEEGAN [Doc. No. 168] AND MOTION TO EXLUDE TESTIMONY OF JONATHAN HIBBARD [Doc. No. 164]** |

  On June 8, 2018, Plaintiffs filed a motion to exclude the testimony of Mark Keegan. [Doc. No. 168.] On June 8, 2018, Defendants filed a motion to exclude the testimony of Jonathan Hibbard. [Doc. No. 164.] The motions are fully briefed.

  Defendants designated Mr. Keegan as an expert in trademark consumer surveys to "determine whether the phrases MOVING HELP and MOVING HELPER are understood by consumers to be brand names or common names (i.e. generic phrases) with regard to moving services." [Doc. No. 168-3 at 5, ¶1.] Plaintiffs designated Mr. Hibbard as a rebuttal expert.

  As this Court has previously stated, it will not adjudicate the issue of whether the trademarks are generic, as that was the subject of the previous litigation. Nevertheless,

Defendants argue Mr. Keegan's testimony is relevant to the issue of whether the Non-Opposition Clause is unenforceable as a matter of public policy. On March 20, 2018, this Court denied Defendants' motion for summary adjudication of that issue because there was no showing of significant public injury. [Doc. No. 117 at 6.] Defendants argue that Mr. Keegan's testimony is evidence of such public injury.

After conducting a consumer survey, Mr. Keegan concludes that "MOVING HELP and MOVING HELPER are generic, common names with respect to the moving services market." [Doc. No. 168-3 at 20, ¶55.] Assuming for purposes of argument that this conclusion is accurate, it speaks only to whether there is public confusion. It does not speak to whether there is public injury. Consumer injury is a separate inquiry from consumer confusion and "involve[s] a far greater level of harm." *Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.,* 103 F.Supp.2d 711, 740 (S.D.N.Y. 2000), aff'd 294 F.3d 383, 395 (2d. Cir. 2002)("in order to obtain rescission of a freely bargained trademark contract, a party must show that the public interest will be significantly injured if the contract is allowed to stand"). *See also Puck v. Zwiener,* No. CV 08-3394 GAF (PLAx), 2008 WL 11339974, at *2 (C.D. Cal. June 20, 2008)(preliminary injunction denied where plaintiff only showed consumer confusion, but not consumer injury).

After reviewing Mr. Keegan's report, the Court is unable to find any opinion related to whether there was consumer injury. Therefore, Mr. Keegan's (and Mr. Hibbard's) testimony is irrelevant and is **EXCLUDED**. The *Daubert* motions to exclude the testimony of Mr. Keegan and Mr. Hibbard are **DENIED AS MOOT**.

Dated: September 27, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge